Filed 12/12/22 P. v. Medina CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

---

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091206 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F03645) |
| v. | OPINION ON TRANSFER |
| ANTHONY MEDINA, | |
| Defendant and Appellant. | |

This case returns to us on transfer with directions from our Supreme Court.

As relevant here, in 2011, a jury found defendant Anthony Medina guilty of two counts of first degree murder and attempted robbery. As to one of the murders, the jury found an attempted robbery-murder special circumstance true.

1

Defendant petitioned the trial court for resentencing under what is now Penal Code section 1172.6[1] based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437). The trial court denied defendant's petition, finding the record established defendant was ineligible for resentencing because the jury found the special circumstance true. On appeal, defendant argues the trial court erred in relying on the special circumstance finding to disqualify him from relief. In our original opinion filed on August 16, 2021, we disagreed and affirmed the order.

Defendant petitioned for review; the Supreme Court has now directed us to reconsider the matter in light of *People v. Strong* (2022) 13 Cal.5th 698. Having done so, we agree with the parties that the trial court's order denying the petition must be reversed and the matter remanded for further proceedings.

## BACKGROUND

We take the basic facts of defendant's case from our opinion in his original appeal. (*People v. Medina* (2016) 245 Cal.App.4th 778, 786 (*Medina 1*).)[2] There, we summarized the facts of defendant's crimes as follows: In the first incident, defendant "was driving down Florin Road, with defendants Brandon Morton and David Whitehead in the backseat, and fired a gun at a black Lexus, hitting its two occupants. [Defendant] was convicted of two counts of attempted murder and shooting into an occupied vehicle. In the second incident, Morton believed he had been 'shorted' several grams of

---

[1] Undesignated statutory references are to the Penal Code.

Effective June 20, 2022, section 1170.95 was renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new numbering.

[2] On our own motion, we take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).) We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

methamphetamine in a drug sale. Morton, with [defendant] and Whitehead, met with the woman who had made the sale. She was accompanied by her boyfriend Jason Fletcher and another man. Morton shot and killed Jason Fletcher." (*Id.* at p. 781.)

The jury found defendant guilty of two counts of attempted first degree murder related to the first incident (§§ 664/187, subd. (a)) with enhancements for discharging a firearm and causing great bodily injury, and one count of shooting at an occupied vehicle (§ 246) with the same two enhancements. (*Medina 1, supra*, 245 Cal.App.4th at p. 786.) The jury also found defendant guilty of unlawful possession of a firearm (former § 12021, subd. (a).) (*Medina 1*, at p. 86.) As to the second incident, the jury found defendant guilty of first degree murder (§ 187, subd. (a)) and found the attempted robbery special circumstance true (§ 190.2, subd. (a)(17)(A)). (*Medina 1*, at p. 786.) The jury also found defendant guilty of attempted robbery. (*Ibid.*)

In March 2016, we upheld these convictions on appeal, but modified the judgment to impose and stay sentence for attempted robbery and shooting at an occupied vehicle pursuant to section 654. (*Medina 1*, *supra*, 245 Cal.App.4th at pp. 786, 793.)

On March 6, 2019, defendant filed a petition in the superior court to vacate his first degree murder conviction under former section 1170.95, now section 1172.6, alleging he could not now be convicted of murder because of the changes made to sections 188 and 189. The petition alleged he was not the actual killer, did not aid or abet the murder with the intent to kill, and was not a major participant in the felony or act with reckless indifference to human life. The district attorney filed a responsive pleading. The trial court appointed counsel for defendant and defendant, through counsel, filed a reply brief.

The trial court denied the petition in a written decision, without hearing, finding defendant had not established a prima facie showing of eligibility. The court reasoned as follows. "[A] jury unanimously found beyond a reasonable doubt that defendant [] is guilty of the first degree murder of victim J.F., and found true an attaching attempted-

3

robbery-murder special circumstance with regard to that murder. A jury also found beyond a reasonable doubt that defendant [] is guilty of the attempted murders of victims M.R. and A.G., and found true with regard to both of these a penalty allegation based on the attempted murders having been willful, deliberate, and premeditated." The court further observed the jury was instructed with CALCRIM No. 703 "on the special circumstances, and that if defendant [] was not the actual killer, the People had the burden of proving beyond a reasonable doubt that he acted with either the intent to kill or with reckless indifference to human life and was a major participant in crime." The court found: "In light of the jury verdicts and the jury instructions given . . . , it is clear that the jury necessarily found that defendant [] either was the actual killer, acted with intent to kill, or was a major participant in the underlying attempted robbery, with regard to the first degree murder of victim J.F. It is also clear that the jury necessarily found that defendant acted with intent to kill with regard to the attempted murders of victims M.R. and A.G."

The trial court observed this court had affirmed defendant's conviction, including the special circumstance finding, in a partially published opinion in 2016. There, defendant challenged the sufficiency of the evidence with respect to the special circumstance finding. (*Medina 1, supra*, 245 Cal.App.4th at p. 787.) We disagreed and concluded substantial evidence supported the jury's finding. (*Id.* at pp. 788-792.) On this basis, the superior court concluded that there was no prima facie evidence to support defendant's petition.

Defendant filed a timely notice of appeal. As described above, we initially affirmed the order denying defendant's petition.

DISCUSSION

Defendant originally argued the trial court erred by denying his petition for resentencing at the pleading stage without issuing an order to show cause and conducting an evidentiary hearing. He argued then, and now contends again with the benefit of

4

*Strong*, that the trial court erred in relying on the jury's special circumstance finding to establish he was a major participant who acted with reckless indifference to human life. He contends this is because our Supreme Court clarified the special circumstances analysis after his conviction in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. In supplemental briefing, the Attorney General agrees.

The Legislature enacted and the Governor signed Senate Bill No. 1437, effective January 1, 2019 (Stats. 2018, ch. 1015, § 4) As relevant here, Senate Bill No. 1437 added what is now section 1172.6, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the petitioner on any remaining counts if they could not be convicted of murder due to the change in the law. (§ 1172.6, subd. (a).)

Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.) Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill No. 1437. (§ 189, subd. (e).)

Since defendant's conviction, however, the Supreme Court has refined the analysis as to qualification as a major participant acting with reckless indifference to human life (in *Banks* and *Clark*) and "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179.)

After we rejected defendant's claims in our previous opinion, our Supreme Court decided *Strong*, concluding: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the

5

findings under *Banks* and *Clark*." (*People v. Strong, supra*, 13 Cal.5th at p. 710.) Here, the trial court concluded that the jury's pre-*Banks* and *Clark* findings precluded defendant from establishing a prima facie case. Because this conclusion does not survive *Strong*, we will reverse the trial court's order and remand for further proceedings.

## DISPOSITION

The order denying defendant's petition is reversed, and the cause is remanded with directions to conduct further proceedings consistent with this opinion and section 1172.6.


_____/s/_____
Duarte, J.


We concur:


_____/s/_____
Robie, Acting P. J.


_____/s/_____
Mauro, J.